THE MAYOR, etc., OF THE CITY OF NEW YORK, Respondents, *v.* THE NORTH SHORE STATEN ISLAND FERRY COMPANY, Appellants.

*Cloud upon title — presumption as to regularity of acts of public officers — justifies action to remove.*

This action was brought by the city of New York to have a certain lease declared void, as a cloud upon the title to certain lands owned by it. The lease, which was executed by the department of docks in pursuance of a statutory authority conferred upon it, was regular on its face, but it was claimed was invalid on account of the omission of certain statutory formalities. *Held,* that although no presumption as to the validity of the lease arose, by virtue of the statute, from its execution and delivery, yet as such presumption was created in favor thereof by the general presumption of law as to the regularity of all acts of public officers, that the action was properly brought and could be maintained.

Appeal from an order made at the Special Term overruling a demurrer to the complaint, interposed by the defendant, on the

ground that the complaint did not state facts sufficient to constitute a cause of action.

*Luther R. Marsh* and *Wm. F. Shepard,* for the appellants.

*H. E. Davies* and *James McNamee,* for the respondents.

Brady, J.:

The plaintiffs claim title to certain land and land under water which are in the possession of the defendants, who hold such possession under and by virtue of a lease executed to them by the department of docks in the city of New York. The plaintiffs seek in this action to have the lease removed as a cloud upon their title. The lease is one made by the department mentioned, under the authority conferred by a statute, which is referred to in the preamble to the lease.

The lease is not alleged by the plaintiffs to be void upon its face, but in consequence of the omission of certain statutory formalities which are of substance, and prerequisites to the exercise of such authority. The lease is not void upon its face, therefore, but valid, because it is the act of public officers vested with power to perform it, and because of the presumption of law in favor of the legality of such acts. When the defendants, for example, are assailed in their possession, they exhibit the lease, and the possession is maintained. It is not until proof is made of the omission to observe the formalities mentioned, that the lease fades away as an authority to keep the possession.

The apparent vitality of that instrument does not depend upon the statute, which is silent upon the subject of presumptions growing out of its execution and delivery, but upon the presumption of law in regard to the acts of public officers having the power to do the act complained of. When we have ascertained this to be the character and effect of the instrument, the objections to a right of action in its present form are swept away, because it is conceded by the defendant's counsel, and he has cited many cases establishing the rule, that when the defect appears upon the face of the record, through which the opposite party can alone claim, there is not such a cloud upon the title as the court can be called upon to remove in

the exercise of its equitable powers, but when extrinsic evidence, and particularly oral evidence, must be resorted to in order to establish the invalidity of the record or instrument, then there is a cloud upon the title which a court of equity will intervene to remove. (*Heywood* v. *City of Buffalo*, 14 N. Y., 534; *Scott* v. *Onderdonk*, id., 9; *Ward* v. *Dewey*, 16 id., 519; *Marsh* v. *City of Brooklyn*, 59 id., 280.)

In the first case stated, as the record is void upon its face, no possible injury or impediment can grow out of its presence, but when, as in the second case, the assailant must attack it by evidence *aliunde*, he cannot sell without imposing the burden of a litigation upon his vendee. Hence there is a marked and substantial difference between the two elements.

For these reasons, which are substantially a repetition of those assigned at Special Term, the order appealed from should be affirmed, with leave to the defendants to answer on the payment of costs.

Davis, P. J., and Daniels, J., concurred.

Order affirmed, with leave to defendant to answer over on payment of costs.